IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENIECE STATON-EL,                )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )   Civil Action No. 05-1382
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )

O R D E R

AND NOW, this 5th day of March, 2007, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

1

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's primary argument is that the Administrative Law Judge ("ALJ") erred in failing to include in her hypothetical question to the Vocational Expert ("VE") any mention of Plaintiff's hallucinations and that, therefore, the hypothetical "failed to include every individual impairment and limitation supported by the record." The Court finds no merit in this argument.

The ALJ's hypothetical to the VE was phrased as follows:

Assume that I find that the claimant is 52 years old and has a GED grade education. Assume further that I find she can perform any exertional level, but is limited by the following: the first one would be to deal with the public, the second, to have minimum interaction with peers and supervisors, the third one, to make complex decision[s], the fourth one, to follow detailed instruction, the fifth one, to adapt to frequent changes in a work setting, and the sixth one, to cope with the stress in emergency situations. With these limitations, could this individual perform any job in the national economy?

(R. 49). Based on this hypothetical, the VE determined that Plaintiff could perform her past relevant work as a mail sorter and that she could, in addition, perform several other jobs, including janitor, laundry worker, and assembler. (R. 49-50). Plaintiff's counsel, in examining the VE at the hearing, added to the ALJ's hypothetical, asking the VE to consider the employability of a person assuming all impairments and limitations included in the ALJ's hypothetical, as well as "the claimant's description of her functional capacities today in particular the frequency of her, let's say more distracting hallucinations and her sort of good and bad days with that." The VE testified that, assuming the limitations caused by Plaintiff's hallucinations, as she testified to at the hearing, Plaintiff would not be able to continue to hold a job. (R. 50).

Plaintiff claims that the ALJ erred in not mentioning her hallucinations in her hypothetical to the VE. However, Plaintiff's argument is based on two erroneous presumptions. First, she claims that the VE "testified that in her experience as a rehabilitation counselor [a] person who is actively hallucinating is unemployable." This is not so. The VE testified that a person hallucinating ***to the degree to which Plaintiff had testified at the hearing*** would not be able to hold a job. (R. 50, 51). Indeed, both times counsel raised the issue of Plaintiff's hallucinations with the VE, the VE's testimony was based expressly on hallucinations of the kind Plaintiff described at the hearing. Plaintiff's claim that the VE opined merely that a person with "active hallucinations" is unemployable, therefore, grossly mischaracterizes the VE's testimony.

This is significant because it relates to Plaintiff's second erroneous presumption – that the

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                   <u>s/Alan N. Bloch</u>
                                                 United States District Judge

ecf:      Counsel of record

---

[1](...continued)
ALJ's findings do not question the accuracy of Plaintiff's testimony with respect to her hallucinations. Contrary to Plaintiff's assertions, the ALJ explicitly found that the more restrictive limitations relating to Plaintiff's hallucinations raised by Plaintiff's counsel with the VE were neither credible nor consistent with the clinical and objective findings of record. (R. 20). In a detailed analysis earlier in her decision, the ALJ found Plaintiff's assertions, including those regarding her hallucinations, not to be entirely credible. (R. 18-19). Instead, she found that Plaintiff's conditions, including her hallucinations, did not preclude her from performing jobs at all exertional levels which would not involve dealing with the public, more than minimal interaction with peers and supervisors, complex decisions, detailed instructions, adapting to frequent changes in work settings, or coping with stress in emergency situations. (R. 19). The hypothetical to the VE, therefore, included all of the limitations set forth in the ALJ's determination of Plaintiff's residual functional capacity. (R. 21).

     In short, the ALJ did not find Plaintiff's hallucinations to be as limiting as she claimed at the hearing, and the VE's testimony regarding hallucinations of the type described by Plaintiff at the hearing, therefore, is not relevant. The hypothetical posited by the ALJ reflected all of Plaintiff's impairments and limitations as found by the ALJ and was supported by substantial evidence. Based on this hypothetical, the VE found that Plaintiff could perform her past relevant work and a significant number of other jobs in the national economy. Accordingly, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. See <u>Kuechler v. Apfel</u>, No. Civ. 99-6010-ST, 1999 WL 1212818 (D. Ore. Dec. 15, 1999).